UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| BRENDA OSBORNE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 04-553-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CLIFFORD QUESENBERRY, | ) | **MEMORANDUM OPINION** |
| individually and C. R. QUESENBERRY, | ) | **AND ORDER** |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court for consideration of the Defendants' Motion for Judgment on the Pleadings. [Record No. 18] In support of the motion, the Defendants allege that the Plaintiff's claims are barred by the one-year statute of limitations set forth in K.R.S. § 413.140(1)(a). The Plaintiff has opposed the motion, arguing that her claims are not barred by the applicable statute of limitations. Specifically, she alleges that (1) the action was filed within one year of the date the tort was complete and her damages became fixed and non-speculative; (2) her injuries tolled the one year statute of limitations because she was of "unsound mind" as set forth in K.R.S. § 413.170; and (3) the Defendants were on notice of her injuries and such notice tolled the running of the statute of limitations. The Defendants have filed a reply to the motion, asserting that the Plaintiff's claims have no merit and that this action is barred by the statute of limitations.

On April 21, 2005, the Court entered an order allowing the Defendants to take certain depositions, including that of Dr. Rhonda Sivley, the Plaintiff's treating physician. The Court also indicated that, if requested, the Defendant could require the Plaintiff to submit to an independent medical or mental evaluation ("IME"). At that time, the Court indicated that it would withhold ruling on the instant motion until after the discovery and examinations were completed.

On July 9, 2005, the Defendants filed a status report in which they indicated that they were having some difficulty scheduling the Plaintiff's deposition and the IME. Thus, based on this report, the Court entered an Order on July 12, 2005, amending its April 21, 2004 Order. That Order provided, in relevant part, that:

> [T]he Defendant may proceed to schedule the deposition of the Plaintiff. In the event counsel for the Plaintiff fails or refuses to cooperate in the scheduling of this deposition, the Defendant may take the deposition upon giving seven (7) days notice. In addition, the Defendants are directed to immediately notify the Court if the Plaintiff, or counsel for the Plaintiff, fails to cooperate in the scheduling of this or other depositions. Finally, the Defendants may proceed with an independent medical examination of the Plaintiff to be performed by a doctor of their choosing, as opposed to a doctor from a list submitted by Plaintiff's counsel.

[Record No. 30]

It appears that the Plaintiff's deposition has now finally been scheduled for August 23, 2005. The Court is uncertain whether the IME of the Plaintiff has occurred and whether the Defendants have been able to take the deposition of Dr. Rhonda Sivley. However, inasmuch as the pending motion is now ripe for the Court's review and the parties have had substantial time to complete the above-referenced discovery, the Court will address the pending motion.

The parties have indicated that the above-referenced discovery and examinations are necessary to determine the nature of the Plaintiff's mental condition after the accident in question and at the present time. In addition, the Court notes that whether the Plaintiff was of "unsound mind" following the accident is relevant in determining whether this action is barred by the statute of limitations. Despite this fact, the Court notes that the motion now before it is a motion for judgment on the pleadings. In considering a motion of this nature, a complaint may be dismissed "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir.1975). The complaint must be construed in the light most favorable to plaintiff, and its well-pleaded facts must be accepted as true. *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *see also Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). This Court, however, is not required to accept as true legal conclusions or unwarranted factual inferences. *See Westlake*, 537 F.2d at 858; *Davis H. Elliot*, 513 F.2d at 1182; *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir. 1971).

In her Complaint, the Plaintiff alleged that she had been "incapacitated since the Collision." [Record No. 1, Complaint ¶ 27] Based on the evidence in the record at this point, there appears to be a real question as to whether this alleged "incapacity" constitutes an "unsound mind" within the meaning of K.R.S. § 413.170 that would serve to toll the one year statute of limitations. Under the standard for evaluating a motion for judgment on the pleadings,

the Court must assume that the Plaintiff's allegations are true[1] and that she was "incapacitated" after the plane crashed into her home.  Thus, the Court cannot conclude that this action is barred by the statue of limitations inasmuch as this alleged "incapacity" *may* have operated to toll the running of the statue of limitations on this action.  Further, the Court notes that resolution of this issue would be more appropriately addressed in a motion for summary judgment in light of the fact that it requires consideration of materials outside the pleadings.  Due to the delay in completing discovery attributable to the Plaintiff and her attorney, the Court will allow the Defendant to file a dispositive motion on this issue after discovery has been completed and after the current June 1, 2005, dispositive motions deadline.

Accordingly, it is hereby **ORDERED** that the Defendants' Motion for Judgment on the Pleadings [Record No. 18] is **DENIED**.

This 4th day August, 2005.



**Signed By:**
*Danny C. Reeves*   DCR
**United States District Judge**

---

[1] The Defendants argue that the Plaintiff's assertion that she was "incapacitated" immediately following the accident is simply an unsupported legal conclusion that the Court is not required to accept as true.  However, in *Carter v. Huffman*, 262 S.W.2d 690 (Ky. 1953), Kentucky's highest court held that whether a person is suffering from a mental disability as defined by K.R.S.§ 413.170 that would toll the applicable statute of limitations is "question of fact that does not depend upon a legal adjudication following a sanity inquest." *Id*. at 692.