UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| BRENDA OSBORNE,  )  )  Plaintiff,  )  )  V.  )  )  CLIFFORD QUESENBERRY,  )  individually and C. R. QUESENBERRY,  )  INC.,  )  )  Defendants.  ) | Civil Action No. 6: 04-553-DCR  **MEMORANDUM OPINION  AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of the Defendants' motion to compel [Record No. 37] and motion for summary judgment [Record No. 39]. Through these motions, the Defendants seek dismissal of the Plaintiff's complaint. Specifically, with respect to the motion to compel, the Defendants assert that the Plaintiff has failed to respond to their discovery requests. Based on this failure, the Defendants have moved the Court to dismiss this action and/or issue sanctions against her attorney or, in the alternative, order the Plaintiff's counsel to immediately respond to the Defendants' interrogatories and requests for production of documents. The Defendants have also filed a motion for summary judgment, arguing that the Plaintiff's claims are barred by the applicable statute of limitations. Based on this fact, the Defendants' have moved the Court to enter judgment in their favor. The Plaintiff has failed to respond to the motions within the time proscribed by the Local Rules.

Having considered the Defendants' motions, the Court finds that the Plaintiff's claims are barred by the one year statute of limitations. As such, the Court will grant the Defendants' motion for summary judgment and will dismiss this action with prejudice. Alternatively, the Court finds that dismissal of the action would be proper based on the fact that the Plaintiff and her counsel have repeatedly failed to cooperate in discovery and comply with orders of this Court.

**I.     BACKGROUND**

On October 22, 2002, a small airplane flown by Defendant Clifford Quesenberry crashed into the roof of the Plaintiff's home. As a result of this incident, the Plaintiff filed suit against the Defendants in Bell County Circuit Court on October 22, 2004. Through her Complaint, the Plaintiff alleged that she has suffered "physical and emotional" damages as a result of the accident. The Defendants removed this action to this Court on November 10, 2004.

On November 14, 2004, the Court entered an Order requiring the parties to conduct a meeting pursuant to Rule 26(f) of the Federal Rules of Civil Procedure to develop a proposed discovery plan and exchange disclosures as required by Rule 26(a)(1). Counsel for the Defendants filed a report on December 20, 2004, indicating that he had attempted, without success, to contact the Plaintiff's counsel to arrange the Rule 26(f) meeting. At that time, the Defendants' counsel stated that the Plaintiff's counsel had failed to respond to his correspondence. Based on these representations, the Court set this matter for a scheduling conference. Plaintiff's counsel, however, failed to appear at this hearing. At that time, the

Court entered a show cause order directing the Plaintiff's counsel to appear before the Court and requiring counsel to show cause why he should not be held in contempt for the following:

> (I) [counsel's] willful failure to comply with Rule 26(f) by failing and refusing to meet with opposing counsel and his failure to comply with the Court's Order entered November 17, 2004, which directed the parties to meet and submit a joint written report outlining their discovery plan; and (ii) [counsel's] failure to appear at the [Scheduling Conference].

[Record No. 11] Although the Court, in the exercise of discretion, did not ultimately find Plaintiff's counsel in contempt, the Court warned him that any future noncompliance with orders of the Court could result in monetary penalties or other sanctions. [Record No. 15]

Subsequently, the Defendants filed a motion for judgment on the pleadings, arguing that the Plaintiff's claims were barred by the one year statute of limitations set forth in K.R.S. § 413.140(1)(a). The Plaintiff opposed the motion, stating that: (1) the action was filed within one year of the date the tort was complete and her damages became fixed and non-speculative; (2) her injuries were tolled the one year statute of limitations because she was of "unsound mind" as set forth in K.R.S. § 413.170; and (3) the Defendants were on notice of her injuries and such notice tolled the running of the statute of limitations. In response, the Defendants filed a motion for leave to take discovery outside the discovery deadline. In support this motion, the Defendants noted that Plaintiff's counsel, for the first time in his response to the motion for judgment on the pleadings, raised the issue that the Plaintiff was incapacitated after the accident. He further stated that additional discovery was necessary in order to resolve that issue. On April 21, 2005, the Court entered an order granting the

Defendants' motion and allowing them to take certain depositions, including that of Dr. Rhonda Sivley, the Plaintiff's treating physician. The Court also indicated that, if requested, the Defendants could require the Plaintiff to submit to an independent medical or mental evaluation (IME). At that time, the Court stated that it would withhold ruling on the instant motion until after the discovery and examinations were completed.

In July, the Defendants filed a status report indicating that they were having some difficulty scheduling the Plaintiff's deposition and the IME based, in part, on the Plaintiff's counsel's failure to produce the names of doctors he believed to be qualified to perform the IME. As such, the Court ordered that the Defendants could proceed with scheduling the Plaintiff's deposition. In addition, the Court directed Defendants' counsel to immediately notify the Court if Plaintiff's counsel failed or refused to cooperate in future discovery matters.

On August 5, 2005, the Court entered an Order denying the Defendants' motion for judgment on the pleadings, noting that:

> [b]ased on the evidence in the record at this point, there appears to be a real question as to whether this alleged "incapacity" constitutes an "unsound mind" within the meaning of K.R.S. § 413.170 that would serve to toll the one year statute of limitations. However, under the standard for evaluating a motion for judgment on the pleadings, the Court must assume that the Plaintiff's allegations are true and that she was "incapacitated" after the plane crashed into her home.

[Record No. 34] Due to the delay in completing discovery attributable to the Plaintiff and her attorney, the Court permitted the Defendants to file a summary judgment motion on this issue after the completion of discovery and outside the dispositive motion deadline.

The Defendants have now filed the instant motion to compel indicating the Plaintiff's attorney has, once again, been uncooperative in participating in discovery. Specifically, the Defendants assert that counsel has failed to respond to their interrogatories and requests for production of documents. These discovery requests were apparently initially served on March 18, 2005. Counsel for the Defendants further notes that Plaintiff's counsel has likewise failed to comply with Rule 26(a)(1) disclosure requirements. Specifically, the Defendants state that counsel has failed to identify any potential witnesses, has failed to identify documents or compute her damages, and has missed the deadline for identifying expert witnesses.

The Defendants have also filed a motion for summary judgment on the issue of whether the Plaintiff's claims are barred by the statute of limitations. The Court will address both the motion to compel and the motion for summary judgment.

## II.   LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-

sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

"Once a moving party has met its burden of production, 'its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Keeneland Ass'n, Inc. v. Earnes*, 830 F. Supp. 974, 984 (E.D. Ky. 1993) citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). The nonmoving party cannot rely upon the assertions in its pleadings; rather that party must come forward with probative evidence, such as sworn affidavits to support its claims. *Celotex*, 477 U.S. at 324. In making this determination, the Court must review all the facts and the inferences drawn from those facts in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587. Ultimately, the standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) quoting *Anderson*, 477 U.S. at 251-52.

### III.   ANALYSIS

#### A.   *Motion for Summary Judgment*

##### 1.   *Unsound Mind"*

In her Complaint, the Plaintiff has alleged that she suffered both "physical and emotional" damages when a plane operated by Clifford Quesenberry "collided with [her] homeplace in Middlesboro, Kentucky, destroying her home. . . ." [Record No. 1, Complaint,

¶¶ 2, 31, 35] KRS § 413.140(1)(a) provides a one year statute of limitations for personal injury claims. The statute begins to run from the date "the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but also that his injury may have been caused by the defendant's conduct." *Louisville Trust Co. v. Johns-Manville Products Corporation*, 580 S.W.2d 497, 501 (Ky. 1979). The cause of action accrues on the date of the injury to the person even though the full extent of the injury is not known for years later. *Caudill v. Arnett,* 481 S.W.2d 668 (Ky. 1972).

Despite the fact that the plane crash occurred two years prior to the filing of this action, the Plaintiff alleges that her claims are not barred by the one year statute of limitations. Specifically, she has alleged that she has been "incapacitated since the [c]ollision." [Record No. 1, Complaint ¶ 27] K.R.S. § 413.170 provides the tolling rules for actions involving individuals who are mentally disabled. This statute provides, in relevant part, that if a person entitled to bring an action was "of unsound mind" at the time the cause of actions accrued, "the action may be brought within the same number of years after the removal of the disability or death of the person, whichever happens first, allowed to a person without the disability to bring the action after the right accrued." K.R.S. § 413.170. The term "unsound mind" within the meaning of K.R.S. § 413.170 has been interpreted by the Kentucky Supreme Court to mean that the person claiming the disability must show that he or she has been rendered incapable of managing his or her own affairs. *See Southeastern Kentucky Baptist Hosp. v. Gaylor*, 756 S.W.2d 467 (Ky. 1988)(citing *Stair v. Gilbert*, 272 S.W. 732, 734 (Ky. 1925)).

Once the statute of limitations issue is raised, the Plaintiff must prove facts that would toll the statute. *Southeastern Kentucky Baptist Hosp. v. Gaylor*, 756 S.W.2d 467 (Ky. 1988). The Plaintiff has not satisfied her burden in this case. The Plaintiff testified that after the accident, she took only eight days off work. In addition, she testified that she spent many hours creating a spreadsheet for the inventory of her home for the insurance company. This task required her to recall every item in her home at the time of the accident and to value it for purposes of being reimbursed by the insurance company. Moreover, the evidence reveals that in the months following the accident, the Plaintiff hired a realtor, entered into a contract to purchase a new house, and negotiated with the insurance company for the value of her old house. Based on this evidence, the Court cannot conclude that the Plaintiff was incapacitated or was of an "unsound mind" after the accident.

The deposition testimony of Dr. Rhonda Sivley, the Plaintiff's treating physician, and Dr. David Shraberg, the psychiatrist hired by the Defendants to perform an IME, further support the conclusion that the Plaintiff was not of an "unsound mind." Dr. Sivley testified that, although she felt that the Plaintiff was not ready to go through a lawsuit, she was *not* of the opinion that the Plaintiff was incapable of managing her own affairs. [Record No. 39, Ex. 2, Dr. Shivley depo., pp. 53-54] Likewise, Dr. Shraberg concluded after his evaluation of the Plaintiff and a review of the medical records that there was no evidence to suggest that she was incapacitated or incompetent for any period of time after the October 22, 2002, accident. He specifically indicated in his report that:

> there is no question in my mind that she may very well have sustained an acute stress reaction to the incident, with increased anxiety and depression for a period of time. However, this did not cause incompetency or psychotic or cognitive breakdown to preclude her from doing her usual activities including working and functioning in her community.

[Record No. 39, Ex. 3, Dr. Shraberg's report, pp. 6-7] As noted above, the Plaintiff's own testimony regarding her activities in the months following the accident support Dr. Shraberg's conclusion that she was not incapacitated for any period of time after the accident on October 22, 2002.

Accordingly, the Court finds that the Plaintiff has failed to demonstrate that she was of an "unsound mind" or was incapacitated following the accident so as to toll the one year statute of limitations.

### 2.     *Discovery Rule*

Although the Plaintiff has failed to respond to the instant motion, the Court notes that in her response to the motion for judgment on the pleadings, she argued that her claims were not barred by the statute of limitations because the statute did not begin to run until her damages became "fixed and nonspeculative." [Record No. 19] For completeness, the Court will address this issue.

The cases cited by the Plaintiff in her earlier response discuss what is commonly referred to as the "discovery rule." If this rule is applicable, the statute of limitations is tolled until the plaintiff first discovers or reasonably should have discovered her injuries. The types of cases in which the discovery rule is applicable are specifically enumerated by statute. These include causes of action for legal and medical malpractice and recovery of stolen

property. Kentucky courts have also applied the discovery rule to cases involving latent injuries arising from exposure to harmful substances. *See e.g., Louisville Trust Co. v. Johns-Manville Products Corp.*, 580 S.W.2d 497, 501 (Ky. 1979). However, with the exception of cases involving such injuries, Kentucky courts have generally refused to extend the discovery rule without statutory authority to do so. *See Roman Catholic Diocese of Covington v. Secter*, 966 S.W.2d 286, 288 (Ky. Ct. App. 1998).

The Kentucky courts have declined to extend the discovery rule beyond these limited types of cases. Thus, this Court cannot conclude that the discovery rule would be applicable in the instant case. Furthermore, even if the discovery rule did apply, the facts of this case do not fall within the circumstances permitting an extension for filing suit because, at the time the cause of action of accrued, the Plaintiff was aware that she suffered damages and/or injuries. Thus, her injuries would not fall within the discovery rule.

        B.    *Motion to Compel*

The Defendants have also filed a motion to compel based on the Plaintiff's failure to comply with discovery. As relief, the Defendants have requested dismissal of the Plaintiff's complaint. However, the Court notes that such dismissal would be without prejudice. Inasmuch as the Court has already concluded that the Defendants are entitled to summary judgment based on the statute of limitations issue, the Court will grant the Defendants' motion as an alternative basis for dismissal of the Plaintiff's complaint.

A district court may sanction parties who disobeys its orders in several ways, including dismissal of the lawsuit. Fed. R. Civ. P. 37(b)(2)(C); *Bass v. Jostens, Inc.*, 71 F.3d

237, 241 (6th Cir. 1995). The Sixth Circuit regards the sanction of dismissal under Rule 37 for failure to cooperate in discovery to be "the sanction of last resort." *Beil v. Lakewood Eng'g and Mfg. Co.,* 15 F.3d 546, 552 (6th Cir. 1994). Dismissal may be imposed "only if the court concludes that a party's failure to cooperate is due to willfulness, bad faith or fault." *Regional Refuse Sys. v. Inland Reclamation Co.,* 842 F.2d 150, 154 (6th Cir. 1988).

In determining whether to dismiss an action for failure to cooperate in discovery, the court should consider: (1) whether the party acted with willfulness, bad faith, or fault; (2) whether prejudice resulted from the discovery violation; (3) whether the party had been warned that her conduct could lead to extreme sanctions; and (4) whether less drastic sanctions were previously imposed or should be considered. *Freeland v. Amigo,* 103 F.3d 1271, 1277 (6th Cir. 1997); *Bass,* 71 F.3d at 241; *Bank One of Cleveland, N.A. v. Abbe,* 916 F.2d 1067, 1073 (6th Cir. 1990).

Such drastic sanctions are warranted here. In this case, the Court concludes that the Plaintiff's counsel has willfully failed to cooperate in discovery even after being warned of the consequences of dilatory conduct. Despite having filed this lawsuit, he has not complied with his discovery obligations. Initially, the Plaintiff's attorney failed to comply with the Rule 26(a) requirements and obligation to meet with opposing counsel as ordered by the Court. He likewise failed to appear that the scheduling conference set by the Court. Moreover, it now appears that he has failed to respond to the interrogatories and request for production of documents that were submitted to him by counsel for the Defendants approximately eight months ago.

It is clear that counsel's failure to comply with the orders of the Court and ongoing failure to cooperate in discovery has prejudiced the Defendants. Specifically, the delays by Plaintiff's counsel have caused the Defendants to seek extensions of the discovery and dispositive motion deadline in order to gather sufficient evidence to support their statue of limitations defense. In its February 1, 2005 Order, the Court specifically warned counsel that future noncompliance with the Court's orders may result in monetary penalties or other sanctions. Thus, the Court finds that Plaintiff's counsel has been amply warned that his failure to cooperate could lead to dismissal of this action. Given counsel's obstinate refusal to cooperate in discovery or comply with the orders of this Court, a less drastic sanction than dismissal will be of no effect.

### IV. CONCLUSION

For the reasons discussed herein, the Court finds that the statute of limitations began to run on October 22, 2002. Because the Plaintiff did not file this action until October 22, 2004, the Court finds that the Plaintiff's claims are barred by the one year statute of limitations. Alternatively, the Court finds that dismissal based on Plaintiff's counsel's failure to cooperate in discovery and to comply with various orders of this Court warrants dismissal of the Plaintiff's complaint.

Accordingly, it is hereby as **ORDERED** follows:

1. The Defendants' motion for summary judgment [Record No. 39] is **GRANTED**. A separate Judgment in favor of the Defendants will be entered this date;

2. The Defendants' motion to compel [Record No. 37] is **GRANTED**;

3. The Defendants are awarded all taxable costs incurred in this action;

4. The trial and pretrial conference dates previously scheduled are **CANCELED**. The parties are relieved of any further responsibility of compliance with the Court's Scheduling Order regarding pre-trial filings.

5. This action is **DISMISSED** and **STRICKEN** from the Court's active docket; and

This 8th day of November, 2005.

Signed By:
*Danny C. Reeves* DCR
United States District Judge